**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Civil Action Number:

ANDRES GOMEZ, On His Own Behalf,
and On Behalf of All Other Individuals
Similarly Situated,

    Plaintiffs,
vs.

EL DORADO FURNITURE CORPORATION,
d/b/a EL DORADO FURNITURE,

    Defendant.

**COMPLAINT – CLASS ACTION**

    Plaintiff Andres Gomez, on his own behalf, and on behalf of all Other Individuals Similarly Situated, hereby sue El Dorado Furniture Corporation, Inc. for civil rights violations and for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. Part 36 and allege as follows:

**INTRODUCTION**

    1.    This is an action to put an end to civil rights violations committed by Defendant El Dorado Furniture Corporation (also referenced herein as "Defendant") against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein.

1

2. Defendant El Dorado Furniture Corporation maintains an internet website http://www.eldoradofurniture.com (hereinafter, "website") for its furniture, mattress, and accessories 'household furniture' chain.

3. Defendant El Dorado Furniture Corporation's website is available to the general public. As such it has subjected itself to the Americans With Disabilities Act ("ADA").

4. The Defendant's website is offered as a way to shop for and purchase household furniture, mattresses, and accessories both through the website (with delivery to the consumer's home) and/or for pick up from its distribution center or its furniture stores, which are places of public accommodation. The website is both a stand-alone sales center and acts as an interface with the Defendant's distribution center and furniture stores. Therefore, the Defendant's website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.

5. The Defendant's website does not provide screen reader software or other means to accommodate the visually impaired, nor does it interface with screen reader software in order that visually impaired individuals can comprehend the website.

## JURISDICTION & VENUE

6. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. §1331, and 28 C.F.R. §36.201.

7. This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet.

8. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this District, the Defendants transact business in this District, and the acts constituting the violation of the ADA occurred in this District.

9. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## PARTIES

**Andres Gomez**

10. Plaintiff Andres Gomez ("Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

11. Plaintiff Gomez suffers from what constitutes a "qualified disability" under the ADA. Plaintiff Gomez is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

12. Plaintiff Gomez is a customer of furniture, mattress, accessory stores and websites, such as Defendant's El Dorado Furniture stores and website.

13. Plaintiff Gomez frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Gomez uses commercially available screen reader software to interface with the various websites.

14. In order to comprehend the Defendant's website (¶¶s 2-5) and to become informed of the Defendant's selection of furniture, mattresses and accessories and therefore gain access to the Defendant's places of public accommodation for the purposes

of viewing and purchasing furniture, mattresses and accessories, Plaintiff Gomez must use screen reader software.

**Other Plaintiffs Similarly Situated**

15.     Other plaintiffs similarly situated to Plaintiff are qualified individuals with disabilities under, and as defined by, the ADA.

16.     Other plaintiffs are also similarly situated to Plaintiff by virtue of the fact that they are disabled with visual impairments and require screen reader software (which is commercially available) in order to comprehend the Defendant's website to become informed of the Defendant's furniture, mattresses, and accessories and/or to purchase such items and therefore gain access to the Defendant's places of public accommodation for the purposes of completing purchase of furniture, mattresses and accessories and/or picking up purchased furniture, mattresses and accessories which other plaintiffs may order online.

**El Dorado Furniture Corporation.**

17.     Defendant El Dorado Furniture Corporation ("Defendant") is the owner and operator of the furniture, mattress and accessories stores called El Dorado Furniture. El Dorado Furniture Corporation is a Florida corporation doing business as El Dorado Furniture, and is hereinafter referenced as "Defendant."  Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

18.     At all times material hereto, the Defendant was (and is) an entity owning and operating a chain of El Dorado Furniture stores under the El Dorado Furniture brand which are open to the public.

## FACTS

19.     The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a "Place of Public Accommodation," 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104. (2) or "[P]laces of public accommodation," "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." The Defendant's El Dorado Furniture stores and its website are places of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. Part 36.

20.     The Defendant owns, operates, and controls its http://www.eldoradofurniture.com "website", from which the general public may view the array of furniture, mattresses, and home accessories and purchase said items online. The general public has the choice of either traveling to the El Dorado Furniture distribution center to pick up the various household furniture and accessory items which has been purchased, or having the various furniture and accessory items delivered by El Dorado Furniture's delivery trucks.

21.     The website offers the general public the same shopping and purchasing experience as if the general public were to physically go to one of the Defendant's El Dorado Furniture retail store locations.

22.     Following viewing the array of furniture, mattresses, and home accessories on the Defendant's website, the general public can go to the various El Dorado Furniture stores to view the items in person.

23.     The website is a place of public accommodation and has a nexus with the Defendant's places of public accommodation (42 U.S.C. §12181(7)(E)), as the website

allows the general public access to El Dorado Furniture's of furniture, mattresses, and home accessories and then purchase said items online. As such, the website is a service, which is a public accommodation; 42 U.S.C. §12181(7)(E).

24. Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services.

25. Public Accommodations that use the internet for communications and sales regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

26. The Defendant's website allows the general public (consumer) to efficiently, privately, and conveniently view and purchase furniture, mattresses, and home accessories offered at Defendant's places of public accommodation (or offered exclusively through the website) and have such items delivered directly to the consumer's home (or, the consumers may travel to the Defendant's distribution center and pick up their purchased items).

27. Plaintiff Gomez utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

28. On June 22, 2015, Plaintiff Gomez attempted to utilize the Defendant's website to view furniture and home accessories with the intention of purchasing same. However, the Defendant's website did not integrate with Plaintiff Gomez's screen reader software, nor was there any function within Defendant's website to permit access for

visually impaired through other means (refer to necessity for screen reader software at ¶ 26).

29.     Furthermore, the Defendant's website did\does not offer include the universal symbol for the disabled[1] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

30.     Therefore, due to Plaintiff Gomez's disability and the failure of the Defendant to insure its website was adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the website and purchase furniture and accessories as he intended. See Exhibit A for verification of the facts herein as related to Plaintiff Gomez.

31.     Thus, the Defendant has discriminated against Plaintiff Gomez on the basis of his disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations through its place of public accommodation (its website) in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201 by failing to adequately program its website to accurately and sufficiently integrate with common commercially available screen reader software utilized by Plaintiff and others with visual disabilities.

32.     As a result of the Defendants' discrimination, Plaintiff Gomez was unable to use the website and suffered an injury in fact including loss of dignity, mental anguish, and other tangible injuries.

33.     Plaintiff Gomez continues to desire to shop at El Dorado Furniture and to utilize the Defendant's website, but he is unable to do so as he is unable to comprehend

---

[1] 

7

the Defendant's website, thus he will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

34. The Defendant's website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend Defendant's website in an effective manner.

35. The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

36. The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

37. On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

38. On information and belief, the Defendant has not adopted a Web Accessibility Policy and has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

39. The Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[2].

---

[2] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

40. Thus, the Defendant has not provided full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by and through its website http://www.eldoradofurniture.com.

41. On information and belief, the Defendant is aware of the access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend the Defendant's inventory and other information regarding Defendant's places of public accommodation, and\or to view the array of furniture, mattresses, and home accessories available and purchase said items online through its website http://www.eldoradofurniture.com.

42. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

43. Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

44. Enforcement of the Plaintiffs' rights is right and just pursuant to 28 U.S.C. §§2201, 2202.

45. Plaintiff Gomez has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## CLASS ACTION ALLEGATIONS

46. Plaintiff Gomez brings this case as a class action pursuant to Federal Rule of Civil Procedure Rule 23, in that the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class [F.R.C.P. Rule 23(a)(1)], the claims and defenses of the representative party is typical of those of the

class [F.R.C.P. Rule 23(a)(3)], and Plaintiff Gomez (as the representative party) will fairly and adequately protect the interests of the class [F.R.C.P Rule 23(a)(4)].

47. The Defendant's website supports and supplements the Defendant's Florida chain of furniture, mattresses, and home accessory store locations, which are known as El Dorado Furniture.

48. According to the National Federation for the Blind[3], there are 6,670,300 Americans with visual disabilities and 434,600 within the state of Florida.

49. Thus, the Class of Others Similarly Situated to Plaintiff Gomez which is to be represented by Plaintiff Gomez is so numerous (434,600 visually impaired Americans in the state of Florida, 5,603,052 visually impaired Americans throughout the United States) that a joinder of each individual member is impracticable; F.R.C.P. Rule 23(a)(1).

50. Plaintiff Gomez is a representative of the Class due to the fact that he suffers from a qualified disability, he is visually impaired and he requires screen reader software interface in order to comprehend and effectively communicate with public accommodations on the internet, such as the Defendant's website

51. The questions of law and fact relating to the representative Plaintiff are similar and common to the law and fact questions which would be raised by other members of the Class if they were individually named plaintiffs herein.

52. Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims or defenses which would be raised by the members of the Class if they were a party to this action.

53. The Plaintiff seeks injunctive relief for the implementation of the relief provide by the ADA which is the same relief which would be sought by each class

---

[3] Statistics for 2012, see http://www.NFB.org/blindness-statistics

member if he or she brought a claim individually. Accordingly, Plaintiff Gomez (as the representative party for the Class) will fairly and adequately protect the interests of the Class.

54. The relief sought herein is for the benefit of all members of the Class and consistent injunctive relief should be provided for each member of the Class.

55. Prosecution of this matter by individual members of the Class would only create a risk of inconsistent and varying adjudications and the establishment of incompatible standard by defendant and adjudication which may be dispositive of the interest of the other Class members.

56. The questions of law and fact common to the members of the Class, such as the degree of non-compliance, which will be raised and adjudicated herein, predominate over any questions affecting only the individual Plaintiff or individual members of the Class. As a result, this class action is the optimal method for reaching a fair and efficient adjudication of the controversy raised herein.

57. The Defendant has discriminated against Plaintiff Gomez and the members of the Class by denying effective communication through its website.

58. The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as Plaintiff Gomez and others similarly situated. The Defendant is operating in violation of Plaintiffs' rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

59. Plaintiff Gomez and others similarly situated have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory

judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

60. Plaintiff Gomez and others similarly situated will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

61. Notice to the Defendants is not required as a result of the Defendant's failure to cure the violations.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

62. Plaintiff Gomez and others similarly situated re-allege and incorporate by reference the allegations set forth in ¶¶s 1 – 61 above

63. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 23 years.

64. "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001). "After thoroughly investigating the problem, Congress concluded that there was a compelling need for a clear and comprehensive national mandate to eliminate discrimination against disabled individuals, and to integrate them into the economic and social mainstream of American life." PGA Tour, 532 U.S. at 675 (2001) (internal quotation marks omitted).

65. As a result of the inaccessibility of the Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to the general public in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

66. Pursuant to 42 U.S.C. §12181(7)(E) & (F), the Defendant's website is a *place of public accommodation* under the ADA because it is a "sales or rental establishment" and is also a "other service establishment". As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's website is\was not in compliance with the ADA. Plaintiff Gomez suffered an injury in fact because of the Defendant's non-compliance.

67. The Defendant has systematically violated the ADA (and continues to violate the ADA) by denying access to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations are ongoing.

68. As a result of the Defendant's wrongful conduct, Plaintiff Gomez and others similarly situated are entitled to injunctive relief pursuant to 42 U.S.C. 12133 to remedy the discrimination.

## INJUNCTIVE RELIEF

69. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff and others similarly situated injunctive relief; including an order to:

a) Require Defendant El Dorado Furniture Corporation to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of http://www.eldoradofurniture.com a statement as to Defendant El Dorado Furniture Corporation's policy to ensure persons with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations through its website, and

b) Requiring that Defendant El Dorado Furniture Corporation cease and desist discriminatory practices and if necessary to cease and desist operations its website and until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

## ATTORNEYS' FEES AND COSTS

58.   Plaintiff Andres Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  The Plaintiff and others similarly situated are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant El Dorado Furniture Corporation.

WHEREFORE, Plaintiff Andres Gomez on his own behalf and on behalf of all other Individuals Others Similarly Situated hereby demand judgment against Defendant El Dorado Furniture Corporation and request the following injunctive and declaratory relief:

A.   The Court issue a declaratory judgment that Defendant El Dorado Furniture Corporation has violated the Plaintiffs' rights as guaranteed by the ADA;

B. The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant El Dorado Furniture Corporation from operating its website without adequate accommodation for the visually impaired community;

C. The Court enter an Order requiring Defendant El Dorado Furniture Corporation to update its website http://www.eldoradofurniture.com to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA.

D. The Court enter an Order requiring Defendant El Dorado Furniture Corporation to clearly display the universal disabled logo[4] within its website, wherein the logo would lead to a page which would state El Dorado Furniture Corporation's accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of the website;

E. The Court enter an order requiring Defendant El Dorado Furniture Corporation to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

---

[4] 

F. The Court enter an Order directing Defendant El Dorado Furniture Corporation to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant El Dorado Furniture Corporation to undertake and complete corrective procedures to its website.

G. The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiffs; and

H. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 15th day of July, 2015.

           Respectfully submitted,

           *s/ Scott R. Dinin*
           Scott R. Dinin, Esq.
           Scott R. Dinin, P.A.
           4200 NW 7th Avenue
           Miami, Florida 33127
           Tel: (786) 431-1333
           inbox@dininlaw.com
           *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

ANDRES GOMEZ, On His Own Behalf,
and On Behalf of All Other Individuals
Similarly Situated,

       Plaintiffs,
vs.

EL DORADO FURNITURE CORPORATION,
d/b/a EL DORADO FURNITURE,

       Defendant.

## VERIFICATION OF COMPLAINT

Plaintiff Andres Gomez declares under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 7/14/15

_____
Andres Gomez

**EXHIBIT "A"**